[Cite as *State v. Miller*, 2024-Ohio-2605.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 23-COA-017 |
| LORISSA MILLER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Ashland County Court of Common Pleas, Case No. 23-CRI-032

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 5, 2024

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Prosecuting Attorney
ANDRES R. PEREZ
Assistance Prosecutor
110 Cottage Street, 3rd Floor
Ashland, OH 44805

For Defendant-Appellant

PATRICK L. BROWN
439 North Market Street, Ste. A
Wooster, OH 44691

*Gwin, P.J.*

{¶1} Defendant-appellant Lorissa Miller ["Miller"] pled guilty to felony drug related offenses involving fentanyl-related compounds and methamphetamines. The trial judge ordered the merged sentences for Count One and Count Two be served consecutively to the merged sentences on Counts Three and Four. On appeal, Miller argues that consecutive sentences are disproportionate to both the offenses committed and to the alleged danger that Miller poses to the public.

{¶2} Because we find that the record demonstrates the trial judge made the necessary findings for imposing consecutive prison sentences and, Miller has not demonstrated that those findings are clearly and convincingly not supported by the record, which included Miller's history of a prior prison term, multiple attempts at court directed treatment programs,  intervention in lieu of conviction violations, and  multiple community control violations, we affirm the judgment of the Ashland County Court of Common Pleas.

*Facts and Procedural History*

{¶3} On February 17, 2023, an Ashland County Grand Jury returned a six-count indictment against Miller alleging: Count One, complicity in trafficking a fentanyl-related compound, a first-degree felony; Count Two, possession of a fentanyl-related compound, a second-degree felony; Count Three, complicity in aggravated trafficking methamphetamine, a third-degree felony; Count Four, aggravated possession of drugs, methamphetamine, a fifth-degree felony; Count Five, permitting drug abuse, a fifth-degree felony; and Count Six, endangering children, a first-degree misdemeanor.

{¶4} On July 31, 2023, Miller entered guilty pleas to amended charges: Count One, attempted complicity to trafficking a fentanyl-related compound, a felony of the third degree; Count Two, attempted possession of a fentanyl-related compound, a felony of the third degree; Count Three, complicity to aggravated trafficking methamphetamine, a felony of the third degree; Count Four, aggravated possession of drugs, methamphetamine, a fifth-degree felony; Count Five, permitting drug abuse, a fifth-degree felony; and Count Six, endangering children, a first-degree misdemeanor. *Judgement Entry, Change of Plea,* filed July 31, 2023. [Docket Entry No. 47]; *Waiver of Constitutional Rights and Plea of Guilty,* filed July 31, 2023. [Docket Entry No. 48]. The trial judge deferred sentencing pending completion of a pre-sentence investigation report.

{¶5} On September 11, 2023, the trial judge held a sentencing hearing. After hearing from Miller, her counsel, and the assistant prosecutor, the judge merged Count One and Count Two, and imposed an 18-month prison sentence; and merged Count Three and Count Four, and imposed and 18-month prison sentence. The sentence on Count One and Two were ordered to be served consecutively to the sentence on Count Three and Count 4. The trial judge imposed a twelve-month sentence on Count Five, permitting drug abuse and a twelve-month sentence on Count Six, endangering children. The sentences on Counts Five and Six were ordered to be served concurrently to the sentences on the previous counts. *Judgement Entry, Sentencing,* filed Sept. 14, 2023. [Docket Entry No. 51].

*Assignment of Error*

{¶6} Miller raises one Assignment of Error:

{¶7} "I. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."

**Standard of Appellate Review**

{¶8} Under Ohio's statutory sentencing scheme, there is a presumption that a defendant's multiple prison sentences will be served concurrently, R.C. 2929.41(A), unless certain circumstances not applicable in this case apply, see, e.g., R.C. 2929.14(C)(1) through (3), or the trial court makes findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4), which provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} R.C. 2953.08(G) instructs appellate courts reviewing the imposition of consecutive sentences, as follows:

(2) The court hearing an appeal under [ R.C. 2953.08(A), (B), or (C)] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)];

(b) That the sentence is otherwise contrary to law.

{¶10} R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C.

2953.08(F)(1) through (4); *State v. Jones*, 2024-Ohio-1983, ¶12. As the Supreme Court of Ohio has explained, when reviewing consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4). *Bonnell* at ¶ 28, *quoting* R.C. 2953.08(G)(2)(a).

**{¶11}** Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, *quoting State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), *quoting Bonnell* at ¶ 37; *Jones*, 2024-Ohio-1083, ¶14.

**Issue for Appellate Review**: *Whether the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)*

In the case at bar, the trial judge specifically stated that consecutive sentences were not disproportionate to the crimes committed in the cases

or the seriousness of Miller's conduct. Sent. T. Sept. 21, 2023 at 27. The trial judge further found that Miller's criminal history demonstrates that consecutive sentences are necessary to protect the public. Id. The trial judge's statements on the record clearly indicate that the trial judge considered proportionality with regard to both the seriousness of Miller's conduct and the danger she posed to the public. Sent. T. at 23-26. The trial judge further found that Miller's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**Issue for Appellate Review**: *Whether the trial court's decision to impose consecutive sentences in Miller's case is supported by the record*

{¶12}  At sentencing, the judge heard from Miller and her counsel, who presented evidence of Miller's employment, including promotions to managerial positions, her involvement with counseling, negative drug test results, and financial support of her children. Sent. T. at 4-11. However, the sentencing judge found Miller's attempts to minimize her involvement with drugs, drug trafficking and unsuitable associations to be unavailing. In fact, the judge inquired of Miller whether she would like to have a hearing on withdrawing her guilty pleas, to which Miller responded she did not. Id. at 17-22. The judge found disturbing that a large amount of fentanyl and methamphetamines, as well as spoons, needles, and a scale were found in a box in the living room with her children present. Id. at 22 -23. The trial judge found that Miller had people coming to her house to use and to traffic in drugs. Id. at 23. The record supports the judge's finding that Miller

has four prior felony convictions involving drugs. Id. at 25. Further Miller violated community control at least twice in the past. Id. at 25.

{¶13} Miller's argument that the trial judge failed to conduct the review required is disingenuous. In fact, the judge noted,

> I'm taking issue with the fact that she claims that she had no knowledge of any of this stuff there [i.e. drugs and paraphernalia] when she clearly knew there were needles there. She used them. Those needles were located in a box with three bags of heroin… What is undisputed is that there are people coming to your house to buy drugs, buy fentanyl. There was a significant quantity of serious drugs in your home, cash, bags, needles, spoon, and a scale. So, it was clear there was drug trafficking going on in your home.
>
> I view this as a serious case. This is not just an F5 possession and even if I took your word for it that you didn't know [D.R.] was doing any of this, you still - - you reached out to him. You invited him over for the purpose of using drugs in your home with your three-year-old and one-year-old present. You then proceeded to shoot up while the boys are present in your home.
>
> And there is a significant amount of drugs and paraphernalia within their reach…I don't think this is just an addict slipping up one time type of case. I think it is more involved than that and more serious than that.

Sent. T. at 21 - 24.

{¶14} This passage reflects a clear finding by the trial court that "consecutive service is necessary to protect the public from future crime * * * and that consecutive sentences are not disproportionate to the seriousness of [Miller's] conduct and to the danger [she] poses to the public," R.C. 2929.14(C)(4). Moreover, the trial court's detailed statement about Miller's criminal history evidences a finding that her "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [her]," R.C. 2929.14(C)(4)(c). Sent. T. at 24-25.

{¶15} We cannot clearly and convincingly conclude that the record does not support the trial court's R.C. 2929.14(C)(4) findings. Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶16}  Miller's sole Assignment of Error is overruled.

{¶17}  The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

King, J., concur